UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IVIS OMAR ESCOBAR ROMERO,
Petitioner,

v.

TIMOTHY S. ROBBINS, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID MARIN, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; WARDEN, Warden of Imperial Regional Detention Facility,
Respondents.

Case No.: 3:26-cv-04808-LEK-DEB

**MINUTE ORDER DIRECTING PETITIONER TO FILE A STATUS REPORT**

Petitioner Ivis Omar Escobar Romero ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on August 24, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Timothy S. Robbins, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement ("ICE"); Markwayne Mullin; U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; Executive Office for Immigration Review; David Marin,

Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, ICE; and the Warden of the Imperial Regional Detention Facility (collectively "Respondents"), filed a response to the Petition ("Response") on August 28, 2026. [Dkt. no. 4.]

Petitioner argues he is entitled to "a Writ of Habeas Corpus requiring that Respondents release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." [Petition at pg. 11.] Respondents acknowledge that "Petitioner is subject to detention under 8 U.S.C. § 1226(a)," and they state that a bond hearing was scheduled for August 31, 2026. [Response at 2.]

Respondents argue that the scheduled bond hearing renders the Petition moot. See id.

> "The party asserting mootness bears the burden of establishing that there is no effective relief remaining that the court could provide." S. Or. Barter Fair v. Jackson Cnty., 372 F.3d 1128, 1134 (9th Cir. 2004). "That burden is always 'heavy,' as a case is not moot where any effective relief may be granted[.]" Wild Wilderness v. Allen, 871 F.3d 719, 724 (9th Cir. 2017) (quoting Forest Guardians v. Johanns, 450 F.3d 455, 461 (9th Cir. 2006)). . . .

Castaneda v. Lyons, Case No. 1:26-cv-01866-JLT-SAB-HC, 2026 WL 1623336, at *2 (E.D. Cal. June 5, 2026) (some alterations in Castaneda).[1] The mere fact that a bond hearing was scheduled is insufficient to carry Respondents' heavy burden to establish that the Petition is moot at this time.

However, if the bond hearing was held as scheduled, the outcome of the hearing may have rendered the Petition moot. Petitioner is therefore ORDERED to file a status report by **September 17, 2026** informing this Court whether the bond hearing was

[1] The magistrate judge's report and recommendation in Castaneda was adopted by the district judge. 2026 WL 1865440 (June 29, 2026).

held and, if so, what the outcome of the bond hearing was. If Petitioner was granted release on bond, the status report must state his position on whether his release renders the Petition moot.

If the bond hearing was continued or vacated, or if the bond hearing was held and release on bond was denied, Petitioner's status report must inform this Court whether he wishes to proceed on the Petition.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 10, 2026.

/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
Senior U.S. District Judge

**<u>IVIS OMAR ESCOBAR ROMERO VS. TIMOTHY S. ROBBINS ET AL.</u>; CASE NO. 3:26-CV-04808-LEK-DEB; MINUTE ORDER DIRECTING PETITIONER TO FILE A STATUS REPORT**