UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

IVIS OMAR ESCOBAR ROMERO,

Petitioner,

v.

TIMOTHY S. ROBBINS, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; MARKWAYNE MULLIN; U.S. DEPARTMENT OF HOMELAND SECURITY; TODD BLANCHE, U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; DAVID MARIN, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement; WARDEN, Warden of Imperial Regional Detention Facility,

Respondents.

Case No.: 3:26-cv-04808-LEK-DEB

**ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**

Petitioner Ivis Omar Escobar Romero ("Petitioner") filed a Petition for Writ of Habeas Corpus ("Petition") on August 24, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Timothy S. Robbins, Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, Immigration and Customs Enforcement ("ICE"); Markwayne Mullin; U.S. Department of Homeland Security; Todd Blanche, U.S. Attorney General; Executive Office for Immigration Review; David Marin,

Field Office Director of Enforcement and Removal Operations, Los Angeles Field Office, ICE; and the Warden of the Imperial Regional Detention Facility (collectively "Respondents"), filed a response to the Petition ("Response") on August 28, 2026. [Dkt. no. 4.] Respondents argue that Petitioner's bond hearing, which was scheduled for August 31, 2026, rendered the Petition moot. [Response at 2.]

On September 10, 2026, this Court issued a minute order directing Petitioner to file a status report informing this Court whether the bond hearing was held ("9/10 Minute Order"). [Dkt. no. 6 at 2-3.] The status report was due by September 17, 2026. See 9/10 Minute Order at 2. Petitioner, however, neither filed a status report nor a request for an extension of the deadline for him to do so. Petitioner is therefore ORDERED TO SHOW CAUSE why the Petition should not be dismissed, without prejudice, because of his failure to comply with the 9/10 Minute Order. See Motaz v. Larose, Case No.: 23-CV-516 JLS (JLB), 2023 WL 8242461, at *3 (S.D. Cal. Nov. 28, 2023) ("Where a habeas petitioner fails to prosecute their case by either failing to respond to a court order or failing to comply with a court's local rules, a court may dismiss the petition." (citations omitted)). Petitioner must file a response to the instant Order to Show Cause by **October 5, 2026**.

Petitioner is CAUTIONED that, if he fails to respond to the instant Order to Show Cause by **October 5, 2026**, the Petition will be dismissed without prejudice.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, September 21, 2026.

/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**<u>IVIS OMAR ESCOBAR ROMERO VS. TIMOTHY S. ROBBINS ET AL.</u>; CASE NO. 3:26-CV-04808-LEK-DEB; ORDER TO SHOW CAUSE WHY THE PETITION FOR WRIT OF HABEAS CORPUS SHOULD NOT BE DISMISSED WITHOUT PREJUDICE**